**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
CHRISTINA LEMOINE                                                             Civil Action No.

                Plaintiff,

      -   against -                                                               **COMPLAINT**

LIV UNLTD, LLC
                Defendant.
---------------------------------------------------------------X

    Plaintiff CHRISTINA LEMOINE ("Plaintiff"), by his attorneys, Thomas M. Lancia PLLC, complains of Defendant LIV UNLTD, LLC ("Defendant"), as follows:

1. Plaintiff resides at 40 Putnam Avenue, Apartment 7F, Brooklyn, New York 11238.

2. Defendant's address is 622 Third Avenue, New York 10017.

3. Defendant was established as a limited liability company in the State of Delaware.

4. Defendant provides concierge, wellness and fitness services for well-to-do individuals, as described at its website, https://livunltd.com.

5. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.

6. Plaintiff also brings claims for unpaid wages and failure to give notice of wage rates under the New York Wage Theft Prevention Act, New York Labor Law 195(1) et seq.

7. Plaintiff also brings this action for unlawful retaliation pursuant to Fair Labor Standards Act, 29 U.S.C. § 215(a)(3) *et seq*.

8. Venue is proper in this District because the Defendant has an office in this district and has conducted substantial, continuous and systematic commercial activities in the Southern District of New York.  Upon information and belief, most of the pertinent acts took place in this District.

9. This Court has jurisdiction of the Plaintiff's claims brought under the FLSA pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216 (b).

10. At all pertinent times, Plaintiff was a swim instructor for Defendant. She generally worked at private clubs contained in upscale facilities located in posh apartment buildings in New York City.

11. Plaintiff began working for Defendant on or about February 4, 2013. Plaintiff was hired on February 4, 2013 by Olga Perez ("Perez"), Defendant's Resident Experience Manager ("REM"), at 220 Trump Place ("220") in New York City.

12. At no time when or after she was hired, did Plaintiff receive notice indicating who would be paying her, her rate of pay, her overtime rate of pay, the corresponding pay period, whether and which allowances would or could be taken (tips, meals and the like) or any other similar information.

13. Plaintiff has been an exemplary swim instructor, well liked by her clients, resulting in both reputational and monetary benefits to Defendant.

14. Defendant would notify Plaintiff and other employees when there was a request for a swim instructor from a club in a particular building.

15. On repeated occasions during the five and one half years Plaintiff worked for Defendant, she was often underpaid, paid late, paid in segments or not paid at all.

16. Plaintiff was required repeatedly and systematically to contact Defendant nearly every pay period to adjust the amount on her paycheck upward, demand her paycheck or demand additional funds to match the time she worked.

17. In June 19, 2017, due to persistently incorrect pay, the Chief Financial Officer of the Company, Beth Caplan ("Caplan"), started forwarding Plaintiff's payroll to her to review and correct each pay period. Plaintiff still often needed to make corrections. In fact, from June

2017 to November 2017, Chris Semper ("Semper"), working as REM at the Edge, submitted incorrect payroll for Plaintiff for almost every pay period, which Plaintiff then had to correct with Caplan.

18. On August 20th, 2017, Semper sent a request to the swim instructor email list ("List") for someone to teach three baby classes for six weeks. Plaintiff responded very quickly, indicating her interest and asking for clarification on the compensation rate. Semper emailed her three days later saying: "Please let me know if you're interested." Plaintiff responded that she was and agreed to teach somewhere else on Sunday mornings, not realizing that the classes were not starting for several weeks.

19. On Friday, September 1st, 2017, at 12:42pm, Mr. Semper once again submitted to the List a similar request, this time for an instructor to teach the eighteen baby classes. On Friday, September 1st, 2017 at 1:55pm Plaintiff responded that she would do it. He never responded and she did not get the job.

20. On September 13, 2017, Semper sent out another swim request and Plaintiff responded that she could teach the lesson back to back with the baby classes. The next day Semper responded: "Unfortunately, a swim instructor was able to contact me once my original email went out regarding the 6-week swim lessons." Semper wasn't responding to the September 13th request but the one on September 1st, two weeks prior.

21. Plaintiff did not receive any swim requests for Tower 21, where Semper is now REM. In fact, she has not received any emails from the List since January 23, 2018.

22. Since May 25, 2018, the Company has posted swim instructor job advertisements on Indeed and Glassdoor. On May 21, 2018, Plaintiff emailed Human Resources, the LIV Concierge, and Todd Allen, the head of trainers ("Allen"), to ask where the swim lessons

7

requests are. She received no response. On May 31, 2018, she emailed Allen again, still with no response.

23. Plaintiff's workload in 2018 declined up to the time her employment was constructively terminated on July 10, 2018.

## PRAYER FOR RELIEF

### COUNT ONE

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

24. Plaintiff hereby repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

25. Defendant did not pay Plaintiff in a timely, accurate and regular basis on at least one hundred occasions. Such action constitutes willful infringement of the Fair Labor Standards Act.

26. Defendant's failure to pay in a timely, accurate and regular basis constitutes a violation of, *inter alia*, Section 6(b) of the Fair Labor Standards Act and the regulations promulgated thereunder.

### COUNT TWO

### RETALIATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

27. Plaintiff hereby repeats and re-alleges each and every allegation in the preceding paragraphs as if more fully set forth herein.

28. Plaintiff complained repeatedly about the untimely, inaccurate and irregular payments made to her.

29. Plaintiff's workload from Defendant declined precipitously in 2018.

30. Defendant's conduct constituted retaliation under Section 15(a)(3) of the Fair Labor Standards Act and the regulations promulgated thereunder.

## COUNT THREE

### VIOLATION OF SECTION 191-d OF THE NEW YORK STATE LABOR LAW

31. Plaintiff hereby repeats and re-alleges each and every allegation in the preceding paragraphs as if more fully set forth herein.

32. Defendant's conduct constitutes a violation, *inter alia,* of Section 191-d of the New York State Labor Law because of its inaccurate, untimely and irregular payments to Plaintiff.

## COUNT FOUR

### VIOLATION OF SECTION 215 OF THE NEW YORK LABOR LAW

33. Plaintiff hereby repeats and re-alleges each and every allegation in the preceding paragraphs as if more fully set forth herein.

34. Defendant's conduct constitutes a violation, *inter alia,* of Section 215 of the New York State Labor Law because of its retaliation against Plaintiff for complaining about defendant's inaccurate, untimely and irregular payments to Plaintiff.

## COUNT FIVE

### VIOALTION OF SECTION 195 OF THE NEW YORK LABOR LAW (THE NEW YORK WAGE THEFT PREVENTION ACT)

35. Plaintiff hereby repeats and re-alleges each and every allegation in the preceding paragraphs as if more fully set forth herein.

36. At no time before or during Plaintiff's employment did Defendant provide a wage notice to Plaintiff in the manner prescribed by NYLL Section 195(1)(a) or the New York State Department of Labor, or in a substantially similar manner thereto.

37. At no time before or during Plaintiff's employment did Defendant provide a wage statement in the manner prescribed by NYLL Section 195(3) and the New York State Department of Labor, or in a manner substantially similar thereto.

38. Plaintiff worked for Defendant from February 4, 2013 to July 10, 2018 for a total of 1,982 days.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court accept jurisdiction over this matter and award Plaintiff in excess of $120,000.00 including:

(a) An award of liquidated damages for the violations of Sections 6(b) and 15(a)(3) of the Fair Labor Standards Act and/or Section 191-d and 215 of the New York State Labor Law (including benefits) in an amount not less than $100,000;

(b) An award of statutory damages under Section 195 of the New York State Labor Law in the amount of $20,000 for violations of Sections 195(1)(a) and 195(3) for the years from 2013 to 2018;

(c) Compensatory damages including damages for emotional distress, humiliation and pain and suffering;

(d) Pre-judgment and post-judgment interest;

(e) Reasonable attorneys' fees and costs incurred in the prosecution of this action;

(f) Punitive damages for Defendants' malicious, willful and/or reckless disregard for Plaintiff's FLSA and New York Labor Law statutory rights in the amount of $1,000,000; and

(g) Such other legal and equitable relief as may appear to this Court to be just and proper.

Dated: New York, New York
September 26, 2018

                                Yours, etc.
                                THOMAS M. LANCIA PLLC

                                *Thomas M. Lancia*
Thomas M. Lancia, Esq. (TL1480)
*Attorneys for Plaintiff Christina Lemoine*
2 Park Avenue
16th Floor
New York, New York 10016
212.964.3157
tlancia@lancialaw.com