UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CHRISTINA LEMOINE                                                18 CIV. 08804 (PAC)

        Plaintiff,

  -    against -                                        **JOINT MOTION**
                                                                                                                            **TO APPROVE**
LIV UNLTD, LLC                                                    **SETTLEMENT**

        Defendant.
---------------------------------------------------------------X

## PRELIMINARY STATEMENT

      The parties, through their undersigned counsel, jointly submit this memorandum in support of their joint motion for (1) approval of the settlement of this Fair Labor Standards Act matter as set forth in the accompanying Settlement Agreement and General Release, and (2) for the Court to "so order" the proposed Stipulation and Order of Dismissal, dismissing this action with prejudice, which has been executed by counsel for the parties to this matter. For all of the reasons that follow, the parties respectfully request that the Court grant the instant application in its entirety on the grounds that the settlement in this FLSA action represents a reasonable compromise of a bona fide dispute and a fair distribution of the settlement proceeds.

## FACTUAL AND PROCEDURAL BACKGROUND

      This is an action to recover for intermittent and irregular payments under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), unlawful retaliation pursuant to Fair Labor Standards Act, 29 U.S.C. § 215(a)(3) *et seq*. and failure to provide notice under the Wage Theft

Prevention Act, New York Labor Law § 195(1) *et seq*. Defendant LIVunLtd provides concierge, wellness and fitness amenities for residential, commercial and hotel properties.

In her Complaint, Plaintiff alleges that she was a swim instructor for Defendant. She generally worked at private clubs contained in upscale facilities located in posh apartment buildings in New York City. Plaintiff contends that she was hired on February 4, 2013.

Plaintiff alleges that at no time when or after she was hired, did Plaintiff receive notice indicating who would be paying her, her rate of pay, her overtime rate of pay, the corresponding pay period, whether and which allowances would or could be taken (tips, meals and the like) or any other similar information.

Plaintiff charges that on repeated occasions during the five- and one-half years Plaintiff worked for Defendant, she was often underpaid, paid late, paid in segments or not paid at all. Plaintiff alleges that she was required repeatedly and systematically to contact Defendant during many pay periods to adjust the amount on her paycheck upward, demand her paycheck or demand additional funds to match the time she worked. Plaintiff therefore contends she makes out a prima facie case for breach of the FLSA.

While Defendants have not yet been formally served with or answered the Complaint, Defendant disputes Plaintiff's allegations in this action, and categorically denies any and all liability with respect to all of Plaintiff's claims.

## **Settlement Terms and Conditions**

The parties have evaluated their respective positions and the significant time and expense of continued litigation. All parties wish to avoid the considerable uncertainty and risks of litigation, as well as the expense and length of continued proceedings necessary to prosecute and defend this matter and the related state-court matter. The Settlement Agreement presented to the Court is the product of arms-length negotiations between experienced counsel over several days and phone calls. In consideration for Plaintiff's resignation from employment with Defendant, effective October 31, 2018, and the Parties' execution of a mutual general release of claims, the Agreement provides substantial relief to plaintiff equivalent to her total wages from Defendant for 2018 and it eliminates the risks both sides would bear if litigation of the FLSA and Labor Law claims continued to resolution on the merits.  The settlement of this action - a bona fide dispute - is fair and reasonable and should be approved by this Court. A copy of the settlement agreement is annexed as Exhibit 1.

The agreement calls for plaintiff to receive, $15,686.83 and for plaintiff's counsel to receive $7843.41 for attorney's fees and costs of the action. The parties regard the former figure as a reasonable compromise given the risk of loss discussed above.  The latter figure represents one-third of the settlement amount with counsel bearing all costs, a substantial discount from counsel's hourly fee.

The parties will tender mutual general releases to one another. Plaintiff has also agreed to a confidentiality and a non-disparagement provision.

**LEGAL ANALYSIS**

**POINT I.     COURT APPROVAL OF THE SETTLEMENT IS REQUIRED**

Proposed settlements under the FLSA require court approval because private settlements under the FLSA will not effectuate a valid release. *Cheeks v. Freeport Pancake House, Inc.*, 2015 U.S. App. LEXIS 13815 at * 5 (2d Cir. Aug. 7, 2015). Federal courts routinely allow employees seeking to settle and release FLSA claims to do so pursuant to a judicially-supervised settlement. *Le v. SITA Information Networking Computing USA, Inc.,* 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June. 12, 2008). When parties bring a proposed settlement of an FLSA claim before a court, the court must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *Lliguichuzhca v. Cinema 60, LLC,* 2013 U.S. Dist. LEXIS 79543 at *4 (S.D.N.Y. June 5, 2013).  Generally, there is a "strong presumption in favor of finding a settlement fair..." *Id*.

**POINT II.     APPLICABLE STANDARDS**

The FLSA places strict limits on an employee's ability to waive claims "for fear that employers would [otherwise] coerce employees into settlement and waiver." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Accordingly, an employee may not waive or otherwise settle an FLSA claim for unpaid wages for less than the full statutory damages unless the settlement is supervised by the Secretary of Labor or made pursuant to a judicially supervised stipulated settlement. *Id.*

Where an FLSA settlement provides for payment of less than full statutory damages, before a district court enters judgment, it must scrutinize the settlement agreement to determine that the settlement is fair and reasonable. *Id.* (noting that "several circuits have opined that courts

may enter judgments on a basis that does not require full payment of liquidated damages after scrutinizing the proposed settlements for fairness"). In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion. *Id.* Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award. *Id.* Courts often award attorney's fees by the lodestar method, *i.e.*, a reasonable hourly fee multiplied by the hours reasonably expended. Courts often award attorney's fees as a percentage of the total fund in lieu of using the lodestar method. *Id.* In this case, counsel seeks approval of a negotiated fee that is a standard contingency fee, except that counsel is also bearing all costs and fees, including without limitation the filing fee.

The payment of $23,530.24 as damages reflects a reasonable compromise in view of the possible recovery and both sides' risk of loss. It is equal to the highest year's compensation Plaintiff received during her employment by Defendant. Had the matter gone to trial, plaintiff would have probably had a likely recovery of $10,000 in non-FLSA damages under New York State Wage Theft Prevention Act. NY Labor Law 215. It is not clear how much Plaintiff would have received from her FLSA claim, given she could no longer allege damages, other than the time value of the compensation she did eventually receive.

In considering an FLSA settlement submitted for approval, courts must consider whether

the agreement reflects a "reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Info. Networking Computing USA, Inc.*, 2008 U.S. Dist. LEXIS 46174 at *2 (*citing Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir.1982)). Thus, courts routinely approve FLSA settlements when, as here, they are reached as a result of contested litigation to resolve bona fide disputes. *See Beckman v. KeyBank, N.A.,* 2013 U.S. Dist. LEXIS 60894, at *17 (S.D.N.Y. April 29, 2013); *Reyes v. Altamarea Grp., LLC*, 2011 U.S. Dist. LEXIS 115984, at *16-17 (S.D.N.Y. Aug. 16, 2011); *Diaz v. Scores Holding Co.,* 2011 U.S. Dist. LEXIS 112187, at *6-7 (S.D.N.Y. July 11, 2011) (collecting cases). Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. *Reyes*, 2011 U.S. Dist. LEXIS 115984 at *16-17.

If the proposed FLSA settlement reflects a reasonable compromise of contested issues, it should be approved. *Id*. "Arm's length bargaining between represented parties weighs in favor of finding a settlement reasonable." *Lliguichuzhca*, 2013 U.S. Dist. LEXIS 79543 at *6. "Generally, there is a 'strong presumption in favor of finding a settlement fair,' as 'the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement.'" Id. at *4-5.

Approval of a settlement is warranted where it is the result of "contentious arm's-length negotiations, which were undertaken in good faith by counsel . . . and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *Reyes v. Buddha-Bar NYC,* 2009 U.S. Dist. LEXIS 27852, at *8 (S.D.N.Y. May 28, 2009).

Southern District courts scrutinize confidentiality and non-disparagement provisions in

FLSA settlement agreements to ensure that they do not undermine the public purposes of the FLSA. *E.g.*, *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 178 (S.D.N.Y. 2015) (court must safeguard "public's independent interest in assuring that employees' wages are fair") (Kaplan, J.); *Santos v. El Tepeyac Butcher Shop Inc*., 2015 U.S. Dist. LEXIS 168186 at * 4 (confidentiality and non-disparagement provisions may not "thwart Congress's intent to ensure widespread compliance with" the statute) (S.D.N.Y. Dec. 15, 2015) (Abrams, J.).

Non-disparagement clauses in FLSA settlements are not per se objectionable. *Lopez* , 96 F. Supp. 3d at 180 n. 65. As Judge Kaplan noted, a settling plaintiff may contract away his right to say things that are "insulting or calumnious about the defendants." *Id.* Even so, a plaintiff may not lawfully contract away his right to make any negative statement in the absence of a carve-out for truthful statements about his experience litigating his case. *Id.* Paragraph 5 was crafted to comport with that limitation on permissible non-disparagement agreements.

In addition to the confidentiality and non-disparagement provisions, and in line with the trend in this Circuit following *Cheeks*, the Agreement also contains a mutual, general release. The inclusion of such a release is appropriate here as Plaintiff agrees to end her employment with Defendant as a term of settlement, and this Agreement will thus bring complete closure to the Parties' employment relationship. As drafted, the inclusion of the mutual, general release— which was negotiated by competent counsel for both sides—will ensure that both the Plaintiff and Defendant will "walk[] away from their relationship up to [the date of the Agreement's approval] without the potential for any further disputes." *Souza v. 65 St. Marks Bistro*, No. 15-cv-327 (JLC), 2015 WL 7271747 at *5 (S.D.N.Y. Nov. 6, 2015) (Cott, M.J.); *accord Abreu v. Glenda Food Corp.*, 17 Civ. 2006 (HBP), 2018 WL 2388532 at *2 (S.D.N.Y. May 25, 2018) (Pitman, M.J.). The Parties certify that there are no known, existing, meritorious claims that

would be waived via the mutual release; moreover, the mutual release in question applies only to claims arising on or before the effective date of the Agreement, and thus neither Party is waiving future claims. Southern District Courts have found consideration of such factors to weigh in favor of the approval of mutual general releases. *See*, *e.g.*, *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13-cv-5008 (RJS), 2016 WL 922223, at *2 (S.D.N.Y., Feb. 3, 2016).

Nor do plaintiffs' attorneys' fees present any barrier to approval. They represent less than one-third of the settlement amount, once counsel's assumption of costs is factored in, less than the fee that a number of courts have held is proper. *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 188 (W.D.N.Y. 2005) (approving attorneys' fees of 40% of the settlement). The purpose of fee awards in wage and hour cases is to "encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." *Sand v. Greenberg*, 2010 U.S. Dist. LEXIS 1120, at *9 (S.D.N.Y. Jan. 7, 2010). The FLSA and the NYLL are remedial statutes, the purposes of which are served by adequately compensating attorneys who protect wage and hour rights. *Willix v. Healthfirst, Inc.*, 2011 U.S. Dist. LEXIS 21102, at *17 (E.D.N.Y. Feb. 18, 2011). It is common for attorneys' fees in FLSA cases to exceed the recovery by many multiples. *E.g., Clover v. Shiva Realty of Mulberry, Inc.*, 2011 U.S. Dist. LEXIS 51697 at * 11 (S.D.N.Y. May 13, 2011)

Plaintiff has been represented since August 27, 2015 by Thomas M. Lancia. Mr. Lancia was admitted to the bar of this Court in 19991. Since that date, he has practiced extensively in labor and employment law, as well as other areas of practice.

## **CONCLUSION**

The parties recognize the respective burdens they face with respect to their claims and defenses and that the results of litigation are uncertain. All parties, similarly, recognize the

unavoidable costs, in time and money, associated with litigation and have decided to resolve these disputes and all other matters among them in order to avoid the uncertainty and costs of litigation. Accordingly, the settlement represents a fair and reasonable compromise of disputes under the FLSA.

For all of the foregoing reasons, the parties respectfully request that this Court grant their joint motion and application and approve the settlement of this action, including approval of the Plaintiff's release of claims under the FLSA, and "so order" the annexed Stipulation and Order of Dismissal so that this action is dismissed with prejudice.

Dated: New York, New York
February 5, 2019

Respectfully submitted,

*Thomas M. Lancia*
Thomas M. Lancia
Thomas M. Lancia, PLLC
2 Park Avenue, 20th Floor
New York, New York 10016
Tel: 212.964.3157

Tlancia@lancialaw.com
Attorney for Plaintiff

*Stephen Pischl*
Stephen P. Pischl
Clifton Budd & DeMaria, LLP
350 Fifth Ave Ste 6110
New York, New York 10118
Tel: 212.687.7410

sppischl@cbdm.com
Attorney for Defendant