**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X

CHRISTINA LEMOINE

Plaintiff,

- against -

LIV UNLTD, LLC

Defendant.

-----------------------------------------------------------X

18 CIV. 08804 (PAC)

**JOINT MOTION TO APPROVE SETTLEMENT**

## PRELIMINARY STATEMENT

The parties, through their undersigned counsel, jointly submit this memorandum in support of their joint motion for (1) approval of the settlement of this Fair Labor Standards Act matter as set forth in the accompanying Settlement Agreement and General Release, and (2) for the Court to "so order" the proposed Stipulation and Order of Dismissal, dismissing this action with prejudice, which has been executed by counsel for the parties to this matter. For all of the reasons that follow, the parties respectfully request that the Court grant the instant application in its entirety on the grounds that the settlement in this FLSA action represents a reasonable compromise of a bona fide dispute and a fair distribution of the settlement proceeds.

## FACTUAL AND PROCEDURAL BACKGROUND

This is an action to recover for intermittent and irregular payments under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), unlawful retaliation pursuant to Fair Labor Standards Act, 29 U.S.C. § 215(a)(3) *et seq*. and failure to provide notice under the Wage Theft

Prevention Act, New York Labor Law § 195(1) *et seq*. Defendant provides concierge, wellness and fitness services for well-to-do individuals, as described at its website, https://livunltd.com.

In her Complaint, Plaintiff alleges that she was a swim instructor for Defendant. She generally worked at private clubs contained in upscale facilities located in posh apartment buildings in New York City. Plaintiff contends that she was hired on February 4, 2013 by Olga Perez ("Perez"), Defendant's Resident Experience Manager ("REM"), at 220 Trump Place ("220") in New York City.

Plaintiff contends that, at no time when or after she was hired, did she receive notice indicating who would be paying her, her rate of pay, her overtime rate of pay, the corresponding pay period, whether and which allowances would or could be taken (tips, meals and the like) or any other similar information.

Plaintiff charges that on repeated occasions during the five- and one-half years she worked for Defendant, she was underpaid, paid late, paid in segments or not paid at all. Plaintiff claims that she was required repeatedly and systematically to contact Defendant during many pay periods to adjust the amount on her paycheck upward, demand her paycheck or demand additional funds to match the time she worked. On the basis of these allegations, Plaintiff argues that she makes out a *prima facie* case for breach of the FLSA.

While Defendant has not yet been formally been served with or answered the Complaint, Defendant disputes Plaintiff's allegations in this action, and categorically denies any and all liability with respect to all of Plaintiff's claims. Defendant specifically notes that any claimed issues with Plaintiff's pay that were brought to its attention were investigated and appropriately resolved.

On or about February 11, 2019, the parties made a joint application the Court to approve a written settlement agreement memorializing the parties' resolution of this action (the "Agreement"). On April 24, 2019, the Court directed the parties to renew this motion upon correctly certain deficiencies in the Agreement and to submit a record of time spent by plaintiff's counsel on prosecuting this civil action. Specifically, the Court took issue with the Agreement's inclusion of mutual general release, and its non-disparagement and confidentiality provisions. The Court's decision is attached herewith as Exhibit 3.

**Settlement Terms and Conditions**

The parties have evaluated their respective positions and the significant time and expense of continued litigation. All parties wish to avoid the considerable uncertainty and risks of litigation, as well as the expense and length of continued proceedings necessary to prosecute and defend this matter and the related state-court matter. The Agreement, as revised and now presented to the Court for further review (the "Revised Agreement"), is the product of arms-length negotiations between experienced counsel over several days and phone calls. The Revised Agreement provides substantial relief to plaintiff equaling her total wages from Defendant for 2018 and it eliminates the risks both sides would bear if litigation of the FLSA and Labor Law claims continued to resolution on the merits. The parties' settlement of this action - a bona fide dispute - is fair and reasonable and should be approved by this Court. A copy of the Revised Agreement is annexed as Exhibit 1, redlined to indicate changes from the initial Agreement. A clean copy of the Revised Agreement, without redlining, is also annexed as Exhibit 4.

The agreement calls for plaintiff to receive, $15,686.83 and for plaintiff's counsel to

receive $7,843.41 for attorney's fees and costs of the action. Attached as Exhibit 2 is a printout of a mock invoice from counsel's billing software demonstrating hours worked, rate, date and tasks performed. The parties regard the former figure as a reasonable compromise given the risk of loss discussed above. The latter figure represents one-third of the settlement amount with counsel bearing all costs, a substantial discount from counsel's hourly fee. The court will note that Plaintiff's counsel has represented his client at a substantial discount from his ordinary and reasonable rate.

In accord with this Court's decision, in the Revised Agreement, the parties have agreed to tender revised mutual releases to one another, with Plaintiff releasing solely any wage and hour claims that were or could have been asserted against Defendant in the Action, and Defendant releasing Plaintiff from any claims reasonably relating to or arising out of the wage and hour claims that were or could have been asserted in the Action. The confidentiality, non-disparagement provisions, as well as other limiting clauses, have also been modified to comport with the Court's mandate.

## LEGAL ANALYSIS

### POINT I. COURT APPROVAL OF THE SETTLEMENT IS REQUIRED

Proposed settlements under the FLSA require court approval because private settlements under the FLSA will not effectuate a valid release. *Cheeks v. Freeport Pancake House, Inc.*, 2015 U.S. App. LEXIS 13815 at * 5 (2d Cir. Aug. 7, 2015). Federal courts routinely allow employees seeking to settle and release FLSA claims to do so pursuant to a judicially-supervised settlement. *Le v. SITA Information Networking Computing USA, Inc.,* 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June. 12, 2008). When parties bring a proposed settlement of an FLSA

claim before a court, the court must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *Lliguichuzhca v. Cinema 60, LLC,* 2013 U.S. Dist. LEXIS 79543 at *4 (S.D.N.Y. June 5, 2013). Generally, there is a "strong presumption in favor of finding a settlement fair..." *Id.*

**POINT II. APPLICABLE STANDARDS**

The FLSA places strict limits on an employee's ability to waive claims "for fear that employers would [otherwise] coerce employees into settlement and waiver." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Accordingly, an employee may not waive or otherwise settle an FLSA claim for unpaid wages for less than the full statutory damages unless the settlement is supervised by the Secretary of Labor or made pursuant to a judicially supervised stipulated settlement. *Id.*

Where an FLSA settlement provides for payment of less than full statutory damages, before a district court enters judgment, it must scrutinize the settlement agreement to determine that the settlement is fair and reasonable. *Id.* (noting that "several circuits have opined that courts may enter judgments on a basis that does not require full payment of liquidated damages after scrutinizing the proposed settlements for fairness"). In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion. *Id.* Where

a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award. *Id.* Courts often award attorney's fees by the lodestar method, *i.e.*, a reasonable hourly fee multiplied by the hours reasonably expended. Courts often award attorney's fees as a percentage of the total fund in lieu of using the lodestar method. *Id.* In this case, counsel seeks approval of a negotiated fee that is a standard contingency fee, except that counsel is also bearing all costs and fees, including without limitation, the filing fee.

The payment of $23,530.24 as damages reflects a reasonable compromise in view of the possible recovery and both sides' risk of loss. It is equal to the highest year's compensation Plaintiff received during her employment by Defendant. Had the matter gone to trial, plaintiff would have probably had a likely recovery of $10,000 in non-FLSA damages under New York State Wage Theft Prevention Act. NY Labor Law 215. It is not clear how much Plaintiff would have received from her FLSA claim, given she could no longer allege damages, other than the time value of the compensation she did eventually receive.

In considering an FLSA settlement submitted for approval, courts must consider whether the agreement reflects a "reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Info. Networking Computing USA, Inc.*, 2008 U.S. Dist. LEXIS 46174 at *2 (*citing Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir.1982)). Thus, courts routinely approve FLSA settlements when, as here, they are reached as a result of contested litigation to resolve bona fide disputes. *See Beckman v. KeyBank, N.A.,* 2013 U.S. Dist. LEXIS 60894, at *17 (S.D.N.Y. April 29, 2013); *Reyes v. Altamarea Grp., LLC*, 2011 U.S. Dist. LEXIS 115984, at *16-17 (S.D.N.Y. Aug. 16, 2011); *Diaz v. Scores Holding Co.,* 2011 U.S. Dist. LEXIS 112187, at *6-7 (S.D.N.Y.

July 11, 2011) (collecting cases). Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. *Reyes*, 2011 U.S. Dist. LEXIS 115984 at *16-17.

If the proposed FLSA settlement reflects a reasonable compromise of contested issues, it should be approved. *Id*. "Arm's length bargaining between represented parties weighs in favor of finding a settlement reasonable." *Lliguichuzhca*, 2013 U.S. Dist. LEXIS 79543 at *6. "Generally, there is a 'strong presumption in favor of finding a settlement fair,' as 'the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement.'" Id. at *4-5.

Approval of a settlement is warranted where it is the result of "contentious arm's-length negotiations, which were undertaken in good faith by counsel . . . and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *Reyes v. Buddha-Bar NYC,* 2009 U.S. Dist. LEXIS 27852, at *8 (S.D.N.Y. May 28, 2009).

Non-disparagement clauses in FLSA settlements are not *per se* objectionable. *Lopez* , 96 F. Supp. 3d at 180 n. 65. As Judge Kaplan noted, a settling plaintiff may contract away his right to say things that are "insulting or calumnious about the defendants." *Id.* Even so, a plaintiff may not lawfully contract away his right to make any negative statement in the absence of a carve-out for truthful statements about his experience litigating his case. *Id.* At this Court's request, the non-disparagement provision in the Revised Agreement was clarified to comport with that limitation on permissible non-disparagement agreements, now reading as follows: "For the avoidance of doubt, the non-disparagement provision set forth in this paragraph 9.1 does not prevent Plaintiff from making truthful statements concerning her experiences litigating this

case."

While the Agreement as initial proposed included a confidentiality provision which this Court declined to approve, as shown, the Revised Agreement has excised this provision entirely.

Nor do plaintiff's attorneys' fees present any barrier to approval as clarified in Exhibit 2. They represent less than one-third of the settlement amount, once counsel's assumption of costs is factored in, less than the fee that a number of courts have held is proper. *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 188 (W.D.N.Y. 2005) (approving attorneys' fees of 40% of the settlement). The purpose of fee awards in wage and hour cases is to "encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." *Sand v. Greenberg*, 2010 U.S. Dist. LEXIS 1120, at *9 (S.D.N.Y. Jan. 7, 2010). The FLSA and the NYLL are remedial statutes, the purposes of which are served by adequately compensating attorneys who protect wage and hour rights. *Willix v. Healthfirst, Inc.*, 2011 U.S. Dist. LEXIS 21102, at *17 (E.D.N.Y. Feb. 18, 2011). It is common for attorneys' fees in FLSA cases to exceed the recovery by many multiples. *E.g., Clover v. Shiva Realty of Mulberry, Inc.*, 2011 U.S. Dist. LEXIS 51697 at * 11 (S.D.N.Y. May 13, 2011)

Plaintiff has been represented since August 27, 2015 by Thomas M. Lancia. Mr. Lancia was admitted to the bar of this Court in 19991. Since that date, he has practiced extensively in labor and employment law, as well as other areas of practice.

**CONCLUSION**

The parties recognize the respective burdens they face with respect to their claims and defenses and that the results of litigation are uncertain. All parties, similarly, recognize the unavoidable costs, in time and money, associated with litigation and have decided to resolve these disputes and all other matters among them in order to avoid the uncertainty and costs of

litigation. Accordingly, the settlement, as revised, represents a fair and reasonable compromise of disputes under the FLSA and complies with this Court's guidance as to the form of the written agreement.

For all of the foregoing reasons, the parties respectfully request that this Court grant their joint motion and application and approve the settlement of this action, including approval of the Plaintiff's release of claims under the FLSA, and "so order" the annexed Stipulation and Order of Dismissal so that this action is dismissed with prejudice.

Dated: New York, New York
May 30, 2019

Respectfully submitted,

/s/ Thomas M. Lancia

Thomas M. Lancia
Thomas M. Lancia, PLLC
2 Park Avenue, 20th Floor
New York, New York 10016
Tel: 212.964.3157

Tlancia@lancialaw.com
Attorney for Plaintiff

Stephen P. Pischl
CLIFTON BUDD & DEMARIA, LLP
350 Fifth Avenue Suite 6110
New York, New York 10118
Tel: 212.687.7410

sppischl@cbdm.com
Attorney for Defendant